**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| PEDRO VALDEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. EDCV 09-01202 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff filed an SSI benefits application on January 24, 2007. He alleged that he had been disabled since August 1, 2004 due to high blood pressure, tiredness, depression, and swollen legs. [JS 2; Administrative Record ("AR") 76-82, 89-93]. In a written hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ") concluded that plaintiff was not disabled. [AR 9-16]. The ALJ found that plaintiff had a severe cardiovascular system impairment from morbid obesity, but that he retained the residual functional capacity ("RFC") to perform a range of

sedentary work. [AR 13]. The ALJ concluded that plaintiff was not disabled because his RFC did not preclude him from performing work available in significant numbers in the national economy. [AR 13-15].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Severity finding**

Plaintiff contends that the ALJ improperly ignored a diagnosis of schizophrenia and a Global Assessment of Function ("GAF") score of 55 provided by plaintiff's treating psychiatrist in December 2008. [JS 3–9]. Plaintiff further contends that the ALJ erred in finding that plaintiff did not have a severe mental impairment. [JS 13-14].

The ALJ found that plaintiff had no severe mental impairment. [AR 12]. The ALJ based that finding on a February 2007 consultative psychiatric evaluation [AR 142-149], and the opinions of the non-examining state agency psychiatrists, who "noted no current psychiatric treatment, history of psychiatric hospitalization or use of medication." [AR 12; see AR 150-162]. The ALJ completely ignored plaintiff's testimony and medical records indicating that he had been receiving outpatient psychiatric treatment at a Riverside County Department of Mental Health clinic since November 2007. [See AR 164-195, 215-219].

In his testimony and statements to his mental health providers, plaintiff reported that he had

experienced psychiatric problems since the age of 13, when an acquaintance drove plaintiff and his best friend, who had lived off and on with plaintiff's family, to the desert with the promise of buying them pizza, shot his friend to death in the head as "payback" for a dispute, and then shot plaintiff several times before running out of bullets. Plaintiff managed to escape and spent hours hiding in the brush before being rescued. His injuries required multiple surgeries. [See AR 181, 184, 216-219]. Plaintiff told the Riverside County intake examiner that his parents "don't believe in mental health" treatment and never supported, assisted, or approved of his getting treatment, but instead "expected him to 'get over it.'" [AR 181].

In November 2007, plaintiff presented to a Riverside County clinic with a history of depression, anxiety, and delusions. Dr. Lu, a treating psychiatrist, diagnosed plaintiff with major depression with psychotic features and post-traumatic stress disorder ("PTSD"). [AR 166, 174]. Dr. Lu also gave plaintiff a GAF score of 55, which signifies moderate symptoms, such as flat affect or occasional panic attacks, or moderate difficulty in social, occupational, or school functioning, such as having few friends or conflicts with peers or co-workers. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition Multiaxial Assessment, 27-36 (rev. 2000)). [AR 174]. In December 2008, Dr. Lu reassessed plaintiff and gave him diagnoses of schizophrenia, "paranoid type," major depression, and PTSD. Plaintiff's GAF score remained at 55. [AR 169].

Dr. Lu initially prescribed Risperdal for psychosis and Zoloft for depression and anxiety. [See AR 166, 174]. Plaintiff returned for periodic medication checks. His Risperdal dosage was increased; Risperdal subsequently was discontinued and restarted. Zoloft was discontinued, and trials of Paxil, Lexapro, Zyprexa, and Effexor were attempted to treat plaintiff's symptoms and "minimize side effects." [See AR 165-166, 185-186].

During the hearing in December 2008, plaintiff testified that he was currently taking Effexor, Risperdal, Paxil, and Zyprexa. [AR 215]. Plaintiff said that he heard "a voice in my head which is not in my ears," and frequently experienced paranoia, anxiety, panic attacks, suicidal thoughts, and difficulty concentrating. [AR 216-219].

A medically determinable impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2006) (quoting Smolen v. Chater, 80 F.3d

1273, 1289-1290 (9th Cir. 1996)). The severity inquiry is "a de minimis screening device to dispose of groundless claims," and the absence of a severe impairment or combination of impairments must be "clearly established by medical evidence." Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290, and Social Security Ruling ("SSR") 85-28) . Where the claimant "first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)," the ALJ must consider subjective symptoms along with the objective medical evidence in determining whether the impairment is severe. SSR 96-3p, 1996 WL 374181, at *2.

Plaintiff's Riverside County treatment records and his subjective testimony establish the existence of a severe, medically determinable mental impairment. The ALJ erred in ignoring that evidence in favor of the examining and nonexamining physicians' reports, which predated plaintiff's treatment at the Riverside County clinic. See Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) ("Greater weight must be given to the opinion of treating physicians, and in the case of a conflict the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician."). Although plaintiff was not receiving mental health treatment when he was examined by the Commissioner's consultative psychiatrist, plaintiff recounted a history and symptoms that were consistent with what he later told his Riverside County treatment providers, who relied on that information to diagnosis and treat him. This suggests that plaintiff's symptoms were present prior to his seeking treatment. [See AR 142, 146-147]. Cf. Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[T]he fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a psychologist's] assessment of claimant's condition is inaccurate .. . . [I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.")(internal quotation marks and citation omitted).

The ALJ's finding that plaintiff has no severe mental impairment contains legal error and is not supported by substantial evidence in the record.

**Lay witness's statements**

Plaintiff contends that the ALJ articulated legally insufficient reasons for rejecting statements made by lay witness Teresa Carrillo, plaintiff's aunt, in a third-party function report. [JS 9-11].

"[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993) (holding that the ALJ erred in disregarding descriptions of the claimant's symptoms and functioning from lay witnesses who "clearly saw [the claimant] on a frequent basis"). While an ALJ must take into account competent lay testimony about a claimant's symptoms and functional impairments, the ALJ may discount that testimony by providing "reasons that are germane to each witness." Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)(quoting Dodrill, 12 F.3d at 919).

Contrary to defendant's assertion, Ms. Carrillo was not an incompetent to testify about plaintiff's symptoms or functional limitations solely because she said that she did not spend "too much time" with plaintiff. See Dodrill, 12 F.3d at 919 ("An eyewitness can often tell whether someone is suffering or merely malingering. While this is particularly true of witnesses who view the claimant on a daily basis, the testimony of those who see the claimant less often still carries some weight."). Accordingly, the ALJ committed legal error by failing to mention, or give reasons for rejecting, Ms. Carrillo's report. The court cannot conclude that the ALJ's error was harmless when the ALJ articulated no basis for rejecting that evidence and concurrently disregarded evidence about plaintiff's mental impairment that may corroborate some of Ms. Carrillo's observations. See Stout, 454 F.3d at 1054-1056 (holding that the ALJ's silent disregard of lay testimony was not harmless error because "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony," the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision," and the ALJ's error was neither irrelevant nor non-prejudicial to the nondisability finding).

**Plaintiff's RFC**

Plaintiff contends that the ALJ's RFC finding is legally defective because the ALJ disregarded plaintiff's mental health treating source evidence and the third-party report from Ms. Carrillo. For the reasons already explained above, those contentions have merit. The ALJ should not have ended the inquiry into the functional effects of plaintiff's mental impairment at step two of the sequential evaluation procedure.

Accordingly, the ALJ's RFC finding is tainted by legal error, as is his finding that plaintiff's RFC

allows him to perform work available in significant numbers in the national economy.[1]

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has adopted the following test to determine whether evidence should be credited and the case remanded for an award of benefits:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d 1273, 1292 (9th Cir. 1996)).

A remand for further administrative proceedings is the appropriate remedy because it is not clear from the record that the ALJ would be required to find plaintiff disabled if he properly weighed the evidence of record. On remand, the ALJ should give plaintiff the opportunity for a new hearing and issue a new hearing decision with appropriate findings. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003)(remanding for further administrative proceedings where several "outstanding issues" remain to be resolved, including "if she is disabled, the timing and duration of her disability," and whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record).

///
///
///

---

[1] This conclusion makes it unnecessary to consider plaintiff's additional contention that the ALJ erred in failing to elicit vocational expert testimony to support his finding that plaintiff can perform alternative work.

**Conclusion**

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

October 25, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge